IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAUL GARCIA, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 2:19-CV-184-Z |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* filed September 23, 2019 by petitioner RAUL GARCIA. [ECF 2]. For the reasons set forth below, petitioner's motion should be DENIED.

## I.
## PROCEDURAL HISTORY

On January 11, 2017, petitioner was charged in a four-count Second Superseding Indictment with the felony offenses of (1) Conspiracy to Commit Credit Union Robbery in violation of 18 U.S.C. § 371; (2) Credit Union Robbery on May 25, 2016 in violation of 18 U.S.C. § 2113(a); (3) Credit Union Robbery on September 23, 2016 in violation of 18 U.S.C. § 2113(a); and (4) Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[1] *United States v. Garcia*, 2:16-CR-62(01) [ECF 55]. Specifically, as relevant here, Count Three alleged:

> On or about September 23, 2016 . . . [petitioner] by force and violence, and by intimidation, did take, and attempt to take, from the person and presence of employees of Education Credit Union . . . money belonging to, and in the care, custody, control,

---

[1] Petitioner was charged with four (4) other co-defendants in the Second Superseding Indictment.

> management, and possession of said Education Credit Union, a credit union whose accounts were then insured by the National Credit Union Administration Board.
>
> In violation of Title 18, United States Code, Sections 2113(a) . . . .

[*Id*. at 4] (emphasis added).  Additionally, Count Four alleged:

> On or about September 23, 2016 . . . [petitioner] did knowingly use and carry a firearm, to wit:  unknown make, unknown model, unknown caliber, and unknown serial number, during and in relation to a crime of violence for which [petitioner] may be prosecuted in a court of the United States, that is, credit union robbery . . . in violation of Title 18, United States Code, Sections 2113(a) . . . and in committing the violation, [petitioner] did brandish a firearm.
>
> In violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) . . . .

The indictment also included a Forfeiture Notice for large sums of seized currency, vehicles and handguns.

On March 13, 2017, petitioner signed a written Plea Agreement wherein he agreed to plead guilty to Counts Three and Four charging petitioner with the offenses of Credit Union Robbery and Using and Carrying a Firearm During and in Relation to a Crime of Violence in exchange for the Government's agreement to dismiss the remaining charges in the Indictment at the time of sentencing (the Conspiracy to Commit Credit Union Robbery and the May 25, 2016 Credit Union Robbery counts).  [ECF 106].

On March 28, 2017, petitioner appeared before the United States District Judge and, pursuant to the Plea Agreement, pleaded guilty to Counts Three and Four of the Second Superseding Indictment charging petitioner with the September 23, 2016 credit union robbery offense and the September 23, 2016 brandishing of a firearm during a crime of violence offense. [ECF 119, 189].  Petitioner admitted on his oath in open court that he committed each of the essential elements of the offenses as they were enumerated in the Factual Resume.  [ECF 189 at 21-23].  Thereafter, the Court accepted petitioner's guilty plea and adjudged petitioner guilty of Credit Union Robbery as charged in Count Three and Using and Carrying a Firearm During and in Relation to a Crime of Violence as charged in Count Four of the Second Superseding Indictment.

[*Id*. at 23].

The Presentence Investigation Report (PSR) prepared for this case on May 26, 2017 noted, *inter alia*, that petitioner's conviction for Using and Carrying a Firearm During and in Relation to a Crime of Violence (also referred to as Possession of a Firearm in Furtherance of a Crime of Violence) in violation of 18 U.S.C. § 924(c)(1)(A)(ii) statutorily required a minimum term of imprisonment of 7 years (84 months), to be served consecutive to any other term of imprisonment imposed for another count. [ECF 126-1 at 3, 17, 24].

At the sentencing hearing held July 11, 2017, the United States District Judge sentenced petitioner to a term of 63 months as to Count 3, the September 23, 2016 credit union robbery offense, and 84 months as to Count 4, to run consecutive to his 63-month sentence, for the brandishing a firearm during a crime of violence offense. [ECF 190]. The Government also dismissed Counts 1 and 2 of the Second Superseding Indictment per the Plea Agreement with petitioner. On July 12, 2017, the District Judge entered a corresponding Judgment. [ECF 166].

Petitioner, through counsel, initiated a timely appeal of his conviction and sentence to the United States Court of Appeals for the Fifth Circuit. [ECF 175]. However, petitioner subsequently moved to dismiss the appeal indicating he no longer desired to appeal from the judgment and wished to withdraw his appeal, and providing, for the Court's information, that he had waived his right to appeal in his written plea agreement. *United States v. Garcia*, No. 17-10820, Docket Entry No. 35. On November 29, 2017, the Fifth Circuit dismissed petitioner's appeal pursuant to his motion. [ECF 194].

On September 18, 2019, petitioner purportedly placed the instant *pro se* motion to vacate in the prison mailing system, such motion being received and filed of record on September 23, 2019. [ECF 209]. Petitioner's motion was used to open the instant civil case, *Garcia v. United States*, No. 2:19-CV-184 [ECF 2].

On November 4, 2019, the Government filed a response to petitioner's motion arguing the motion should be denied because it is time-barred, procedurally defaulted, and meritless. [ECF 5]. On December 9, 2019, petitioner filed a reply in opposition to the Government's response. [ECF 6].

## II.
## PETITIONER'S ALLEGATION/ REQUEST FOR RELIEF

By his motion, petitioner argues his conviction of, and 84-month sentence assessed for, the offense of Using or Carrying a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(ii) is unconstitutional in light of the United States Supreme Court's ruling in *United States v. Davis*, 139 S.Ct. 2319 (June 24, 2019), a case decided after petitioner's July 11, 2017 sentencing. Petitioner requests the Court vacate his section 924(c)(1)(A)(ii) conviction and sentence assessed therefor.

## III.
## *DAVIS* DOES NOT PROVIDE RELIEF[2]

Title 18 U.S.C. § 924(c) subjects to criminal liability and penalizes "any person who, during and in relation to any crime of violence [COV] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." "Section 924(c) is part of a larger statute imposing sentencing enhancements, provided the defendant commits a predicate COV." *United States v. Smith*, 957 F.3d 590, 592 (5th Cir. 2020). The statute contains two clauses defining COV for purposes of the subsection. The first, the so-called "elements clause," defines a COV as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second, the so-called "residual

---

[2]Because petitioner's claim does not provide him relief, the undersigned has not addressed the Government's initial arguments that petitioner's motion to vacate is time barred and his claim procedurally defaulted because it was not raised on direct appeal and petitioner did not show cause or prejudice for such failure in his motion to vacate.

clause," defines a COV as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). In *Davis*, the United States Supreme Court held the "residual clause" definition of COV found in subsection 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S.Ct. at 2336. The *Davis* Court did not call into question the validity of the "elements clause" definition of COV found in subsection 924(c)(3)(A).

The Fifth Circuit has determined that the *Davis* Court's holding that the "residual clause" of subsection 924(c)(3)(B) is unconstitutionally vague not only announced a new rule of constitutional law, but that this new rule is retroactively applicable. *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019). Therefore, even though petitioner was convicted and sentenced before the *Davis* decision, petitioner may avail himself of its protection if applicable to his case.

As noted above, petitioner was specifically charged with, convicted of and sentenced for one count under 18 U.S.C. § 924(c)(1)(A)(ii) of using, carrying and brandishing a firearm during and in relation to or in furtherance of a "crime of violence." The underlying or predicate COV for this criminal firearm offense was the September 23, 2016 Credit Union Robbery, a criminal offense under 18 U.S.C. § 2113(a). The elements of this predicate offense required showing that petitioner intentionally took from a person or presence of another, money; that the money belonged to, or was in the possession of Education Credit Union, federally insured at the time of the taking; and that petitioner took the money by means of force and violence or by means of intimidation. [ECF 104 at 2]. Petitioner appears to appears to argue his conviction for brandishing a firearm under section 924(c) is unconstitutional simply because *Davis* held one of the statutory definitions of "crime of violence," the definition found in subsection 924(c)(3)(B)'s "residual clause," was unconstitutionally vague.

To determine whether petitioner is entitled to any relief, this Court must assess whether

petitioner's predicate offense of Credit Union Robbery qualifies as a COV, and whether such qualification, if any, is met only under subsection 924(c)(3)(B), the invalidated definitional provision.  In other words, petitioner's firearm conviction will be sustained if Credit Union Robbery, the predicate offense, can be defined as a COV under section 924(c)(3)(A)'s elements clause, as there is no uncertainty about the validity of that definitional provision.  *See United States v. Joseph*, 2020 WL 2572501 (E.D. La. May 21, 2020).   Petitioner does not indicate in what manner, if any, he contends his credit union robbery offense does not qualify as a COV under 924(c)(3)(A)'s elements clause.

When determining whether an offense is a COV under section 924(c)(3)'s elements clause, a court is to look "only to the statutory definitions – the elements – of a defendant's offense, and not to the particular facts underlying the convictions."  *United States v. Buck*, 847 F.3d 267, 274 (5th Cir.), *cert. denied*, 138 S. Ct. 149 (2017).  The Fifth Circuit has performed such an analysis and specifically found federal Bank Robbery under 18 U.S.C. § 2113(a) constitutes a COV under section 924(c) "because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force."[3]  *Smith*, 957 F.3d at 594 (citing *Reece*, 938 F.3d at 637, quoting *United States v. Cadena*, 728 F. App'x 381, 382 (5th Cir.), *cert. denied*, 139 S. Ct. 436 (2018) (per curiam)).  Federal Credit Union Robbery, a crime within the same statute as Bank Robbery, likewise constitutes a COV under the "elements clause" of section 924(c)(3)(A) for the same reasons.  *Cf. United States v. Pervis*, 937 F.3d 546, 553 (5th Cir. 2019); *United States v. Cheers*, 760 F.App'x 272, 273-74 (5th Cir. 2019) (per curiam); *Brown v. United States*, 2019 WL 919209 (W.D.Tex. Feb. 25, 2019).  The holding in *Davis* does not provide petitioner any relief.

Construing petitioner's argument to be that the offense of Credit Union Robbery under 18

---

[3] The Fifth Circuit has also held section 2113(a) satisfies an identical "elements clause" contained in the United States Sentencing Guidelines.  *United States v. Brewer*, 848 F.3d 711, 714-16 (5th Cir. 2017).

U.S.C. § 2113(a) is not a "crime of violence" as defined by 18 U.S.C. § 924(c)(3)(A) that could support a conviction for the offense of Using or Carrying a Firearm During and in Relation to a Crime of Violence, the undersigned finds petitioner's claim without merit.  Petitioner's conviction of the firearm offense under 18 U.S.C. § 924(c)(1)(A)(ii) is valid and is not called into question or otherwise affected by the Supreme Court's ruling in *Davis*.  Petitioner's motion to vacate is without merit and should be denied.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* [ECF 2] filed by petitioner RAUL GARCIA, be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of the Findings, Conclusions and Recommendation to petitioner and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 22, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the

signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

HAB55\FCR\GARCIA-184.DNY-DAVIS:2